CLD-027                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3031
_____

JOHNSON OBIEGBU,
Appellant

v.

ROBERT WERLINGER,
Warden, FCI Loretto
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00301)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 5, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Johnson Obiegbu, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the Western District of Pennsylvania denying his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Because this

appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

On September 17, 2009, while Obiegbu was incarcerated at the Federal Correctional Institution in Lewisburg, Pennsylvania, ("FCI-Lewisburg"), he was issued an incident report charging him with fighting with another inmate. On October 2, 2009, at a hearing before a disciplinary hearing officer ("DHO"), a prison official testified that he saw Obiegbu and the other inmate wrestling on the ground. In his defense, Obiegbu claimed that he and the other inmate were in fact friends, and had just been "clowning" and engaging in "horse play." (DHO Report, Dist. Ct. Dkt. No. 13-1g, at p. 2.) The DHO ultimately found Obiegbu guilty of violating the Federal Bureau of Prisons ("BOP") Prohibited Acts Code 220, which forbids "wrestling, or other forms of physical encounter."[1] See 28 C.F.R. § 541.3, tbl. 1. The DHO imposed sanctions that included the loss of twenty-seven days of good conduct time. The DHO's decision was subsequently upheld through the BOP's administrative remedy process.

In November 2010, Obiegbu filed a § 2241 petition in the District Court alleging that his due process rights were violated during the disciplinary proceedings because he was entitled to a hearing with the Unit Discipline Committee ("UDC") before proceeding to the hearing with the DHO. According to Obiegbu, if he had attended a hearing before

---

[1] Obiegbu was initially charged with violating Code 201 (fighting with another person), but the DHO found him guilty of a Code 220 violation instead. The DHO had the authority to make this alternative finding, see 28 C.F.R. § 541.8(a)(1), and Obiegbu does not argue otherwise on appeal.

a UDC, his charge would have been reduced from a "high category" (200 level) violation to a "low moderate category" (400 level) violation. As relief, Obiegbu sought a court order reversing and remanding his disciplinary proceedings, and restoring the twenty-seven days of good conduct time disallowed by the DHO. The matter was referred to a Magistrate Judge who recommended that the petition be denied. The District Court agreed, and, by order entered July 2, 2012, denied Obiegbu's petition. Obiegbu now appeals from the District Court's order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's legal conclusions, but we review factual findings for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Thus, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . [an] inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).

---

[2] Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and a certificate of appealability is not required to appeal the denial of a § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Upon review of the record, we agree with the District Court that Obiegbu was afforded all the process he was due during the disciplinary proceedings: he received written notice of the disciplinary charge; he testified in his defense at a hearing before an impartial DHO; and he was given a written statement describing the basis for the DHO's decision. Although Obiegbu claims that he was entitled to a hearing with the UDC before proceeding to the hearing with the DHO, it is well established that due process does not require such a hearing.[3] See Wolff, 418 U.S. at 563-72. Furthermore, to the extent that Obiegbu claims that 28 C.F.R. § 541.7 contemplates an initial hearing before the UDC, we note that, even if this regulation were violated, Obiegbu has failed to show that he was prejudiced. See Wilson v. Ashcroft, 350 F.3d 377, 380-81 (3d Cir. 2003). His bald assertion that his charge would have been reduced to a 400 level violation had he appeared before the UDC is purely speculative.

For these reasons, we conclude that no substantial question is presented by this appeal. See Third Cir. LAR 27.4; I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.

---

[3] In its response to the habeas petition, the government claimed that, contrary to Obiegbu's contention, he did in fact attend a hearing before the UDC. In support of its position, the government provided the District Court with several documents that allegedly demonstrated that a UDC hearing took place. Obiegbu, in turn, claimed that the government had falsified the record. The Magistrate Judge declined to resolve this dispute because, as discussed above, Obiegbu received due process regardless of whether or not he had a UDC hearing. Obiegbu repeated his allegations of forgery in his objections to the Magistrate Judge's Report and Recommendation, but the District Court overruled his objections.